IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT E. DAVIS,

    Petitioner,

vs.                               Civ. No. 97-840 JC/LCS

TIM LeMASTER, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Respondent's Amended Motion to Dismiss with Prejudice, filed November 26, 1997. In his motion, the Respondent argues that the Petitioner has procedurally defaulted his consecutive sentencing claim by failing to present it to the New Mexico Supreme Court.[1] **Watson v. State of New Mexico**, 45 F.3d 385, 387 (10th Cir. 1995) held that failure to seek timely state supreme court review of the denial of a state habeas corpus petition by the state district court results in a failure to exhaust state remedies and consequently, procedural default. Procedural default may, however, be overcome if the Petitioner shows "cause and prejudice" for the default or that a miscarriage of justice will occur if the defaulted claim is not considered by the Court. **Id**.

---

[1] Respondent appears confused as to the extent of Petitioner's federal habeas corpus claims. The federal claims consist of the claims presented in two separate state habeas petitions, Ex. B (attached to Amended Answer) and Ex. A (attached to Petitioner's Response to Motion to Dismiss with Prejudice). **See** Order, filed Oct. 23, 1997. The consecutive sentencing claim was the sole claim in one of the state petitions. Ex. B (attached to Amended Answer).

2. The Petitioner in this case contends that he mailed to the New Mexico Supreme Court a request for certiorari review of the denial of the state habeas petition consisting of the consecutive sentencing claim. He asserts it is through no fault of his that the New Mexico Supreme Court did not process his request for certiorari review. I find that this uncontradicted statement by the Petitioner constitutes "cause." However, because the consecutive sentencing claim is a matter of state law and not within the purview of federal habeas relief, the Petitioner has failed to show "prejudice." **See Cacoperdo v. Demosthenes**, 37 F.3d 504, 507 (9th Cir. 1994), **cert. denied**, 514 U.S. 1026 (1995). Additionally, the nature of the claim does not lend itself to a miscarriage of justice exception which requires a showing of actual innocence. **See Sawyer v. Whitely**, 505 U.S. 333, **reh'rg denied**, 505 U.S. 1244 (1992). I, therefore, conclude that the consecutive sentencing claim is procedurally defaulted and subject to dismissal with prejudice.

Recommended Disposition

I recommend dismissing with prejudice the consecutive sentencing claim and retaining for review on the merits the claims listed in the other state habeas petition, namely, those of ineffective assistance of counsel, failure of the trial judge to recuse himself, and failure to consolidate Counts I and IV. **See** Ex. D (attached to Amended Answer). Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate

review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE