IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT EARL DAVIS,

    Petitioner,

vs.                                                                                 Civ. No. 97-840 JC/LCS

TIM LeMASTER,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon the Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. §2254. On December 30, 1998, the Petitioner filed his Memorandum Brief in support of his petition for writ of habeas corpus. In that Memorandum Brief, the Petitioner presented three questions:

> I. Whether Petitioner's Fifth and Fourteenth Amendment rights to due process and fundamental fairness were violated by the refusal of the trial judge to recuse himself and by holding the motion hearing off the record and outside Petitioner's presence.
>
> II. Whether Petitioner's Sixth Amendment right to effective assistance of counsel was violated by his trial attorney's failure to properly make a record of his motion for the judge to recuse himself and by his failure to assure Petitioner's presence during the motion hearing.
>
> III. Whether Petitioner is entitled to an evidentiary hearing on the above issues by virtue of having made sufficient allegations with respect to his claims, which, if proved at a hearing, would entitle him to habeas corpus relief.

2. The Petitioner was convicted in 1985 of various offenses committed in the course of escaping from a New Mexico penitentiary. Trial counsel, Mr. C' de Baca, filed a Motion to

1

Disqualify Judge on the ground that the trial judge's courtroom deputy, Clifford Chavez, was dismissed from the New Mexico Correctional Facility apparently as a result Petitioner's testimony at an administrative hearing regarding the prison escape and possible correctional officer assistance. Petitioner contends that Mr. Chavez and his attorney approached him prior to the administrative hearing about providing lenience at Petitioner's trial in exchange for his refusal to testify against Mr. Chavez. Petitioner alleges that Mr. Chavez was also a distant relative of the trial judge, Tibo Chavez.

     3. The criminal docket sheet shows that a hearing on the motion to disqualify was held. There is, however, no indication that the hearing was recorded. According to Petitioner, he was not permitted to attend the hearing. The motion to disqualify was apparently denied since Judge Chavez conducted the trial. Upon his conviction at trial, the Petitioner was sentenced to the maximum possible sentence. Petitioner did not directly appeal his conviction. Rather, he filed a state habeas corpus petition in 1997. After fully exhausting the state habeas corpus petition, Petitioner filed this federal petition for habeas corpus later that year. The Court notes that Judge Chavez died in 1991 and that Mr. C' de Baca is also now deceased.

A. Due Process Claims

     4. The Petitioner bases his due process claims on the premise that Judge Chavez could not have been impartial and at the very least appeared to be biased because of his relationship with Mr. Chavez. "In general, the standard for evaluating whether a habeas petition alleges judicial bias amounting to a denial of due process is whether the judge was 'actually biased or prejudice against the petitioner.' The Supreme Court has recognized, however, that the likelihood of bias or appearance of bias can, in certain circumstances, be so substantial as to create a conclusive

presumption of actual bias." *Nichols v. Sullivan*, 867 F.2d 1250, 1254 (10th Cir.), *cert. denied*, 490 U.S. 1112 (1989)(citations omitted). Since the Petitioner fails to provide any evidence of actual bias, his claim of bias necessarily rests on the appearance of bias.[1]

5. To demonstrate "an appearance of bias sufficient to override the presumption of honesty and integrity," the Petitioner must show that Judge Chavez had an incentive to be biased. *See Fero v. Kerby*, 39 F.3d 1462, 1478 (10th Cir. 1994), *cert. denied*, 515 U.S. 1122 (1995). "'[O]nly a strong, direct interest in the outcome of a case is sufficient to overcome that presumption of evenhandedness.'" *Id.* (quoting *Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1373 (7th Cir. 1994), *cert. denied*, 514 U.S. 1037 (1995)). Kinship alone is "insufficient to create a conclusive presumption of actual bias" nor is disqualification under the Code of Judicial Conduct enough to invoke due process considerations. *Id.* at 1479. Moreover, a relative who does not appear before the judge in court such as a spectator does not create a presumption of bias. *See id.* (no presumptive bias where judge's son was a law clerk to prosecution attorney in case before the judge).

6. In this case, the Petitioner alleges the appearance of bias simply because Mr. Chavez was allegedly a distant relative of Judge Chavez and his employee. There is no indication that Judge Chavez would personally gain anything from Petitioner's conviction. *See id.* at 1479 (no presumptive bias where "judge stood to gain nothing personally from his brother-in-law's success in the civil action other than, perhaps, a feeling of pride and satisfaction in his brother-in-law's

---

[1]The only inference of actual bias provided by the Petitioner is the fact that he received the maximum sentence. Since the Petitioner does not contend that he is factually innocent of the crimes he was convicted of, imposition of a maximum sentence is not unreasonable. I cannot find that such a sentence is indicative of actual bias.

accomplishments"). In addition, as a courtroom deputy, Mr. Chavez, could only be characterized as an observer at the trial, not a direct participant. The Petitioner has failed to demonstrate what strong and direct incentive Judge Chavez would have had to be biased in this case. I conclude that any biasing influence was too remote and insubstantial to create a presumption of judicial bias. Since the Petitioner's premise of judicial bias fails, I find that his due process claims of failure to record the disqualification hearing and have the Petitioner attend the hearing are harmless errors at most. Consequently, the Petitioner's due process claims are without merit.

B. Ineffective Assistance of Counsel

7. The Respondent notes that the ineffective assistance of counsel claims have not been exhausted and so argues that they should be dismissed on that ground. The Respondent also notes that dismissal of these specific claims is appropriate because they have only now been raised in the Memorandum Brief; they were not raised in the federal petition for habeas corpus relief. The Respondent is correct on both grounds. *See* 28 U.S.C. §2254(b)(1)(A)(exhaustion requirement); *Shillicut v. Gagnon*, 827 F.2d 1155, 1160 (7th Cir. 1990)(belated issue not included in original petition is not considered on appeal). Even so, I will proceed to address the merits of Petitioner's ineffective assistance of counsel claims. *See* 28 U.S.C. §2254(b)(2)(court can deny habeas corpus claim on the merits notwithstanding failure to exhaust state remedies on that claim).

8. To establish ineffective assistance of counsel, a defendant must show (1) that his attorney's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Cook*, 49 F.3d 663, 665 (10th Cir. 1995). Even assuming that Mr. C' de Baca's failure to obtain a record of the

4

disqualification hearing and ensure the Petitioner's attendance at that hearing constituted a deficient performance, ineffective assistance of counsel cannot exist. I already concluded *supra*, that the issue of judicial bias is without merit. Accordingly, I cannot find that Mr. C' de Baca's failure to obtain a record or ensure Petitioner's attendance amounted to prejudice of the Petitioner's defense. I, therefore, find that the Petitioner's ineffective assistance of counsel claims are without merit.

C. Request for Evidentiary Hearing

9. Petitioner also requests an evidentiary hearing on his judicial bias and ineffective assistance of counsel claims. That request should be denied for two reasons. First, the Petitioner has not made allegations which, if proved, would entitle him to relief. *See United States v. Whalen*, 976 F.2d 1346, 1348 (10th Cir. 1992); *Church v. Sullivan*, 942 F.2d 1501, 1510 (10th Cir. 1991). On the contrary, as discussed *supra*, I have found no merit to the Petitioner's claims as pled. Second, the Respondent makes a persuasive argument that under the Rules Governing §2254 Cases, Rule 9(a), 28 U.S.C. foll. §2254 this petition should dismissed because the Respondent "has been prejudiced in its ability to respond to the petition by delay in its filing...." Rule 9(a) further states that the Petitioner may nonetheless have his petition reviewed if he demonstrates that the petition "is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."

10. Twelve years has elapsed since the Petitioner was convicted until the Petitioner began state and federal habeas corpus proceedings. The Respondent correctly argues that he would be prejudiced at an evidentiary hearing because two of the principal witnesses, Judge Chavez and Mr. C' de Baca are now deceased. The Petitioner has not responded to the Respondent's Rule

9(a) argument by either disputing the prejudice or "proving 'that for some period of the time between his conviction and seeking the writ he could not have had knowledge of the grounds his petition asserts.'" *Hannon v. Maschner*, 845 F.2d 1553, 1555 (10th Cir. 1988). The Petitioner's failure to respond requires a Rule 9(a) dismissal for prejudicial delay.[2] *See id*. Petitioner's request for an evidentiary hearing is denied.

## Recommended Disposition

I recommend dismissing this cause with prejudice and denying the Petitioner's request for an evidentiary hearing. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge

---

[2] Since I found no merit to the Petitioner's claims, dismissal under Rule 9(a) is especially appropriate. *See Hannon*, 845 F.2d at 1557 (dismissal under Rule 9(a) is not mandatory where there is a potentially meritorious petition).